DOWD, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| United States of America, | CASE NO. 1:06 CR 341 |
| Plaintiff, | |
| v. | <u>MEMORANDUM OPINION ANALYZING THE SENTENCING FACTORS SET FORTH IN 18 U.S.C. SECTION 3553(a)</u> |
| Debi D. Crawford, | |
| Defendant. | |

### I. Introduction

The Court conducted the sentencing hearing of the defendant Debi Crawford. The Court determined that the defendant's total offense level was 11 with a criminal history category of I calling for a sentencing range under the advisory sentencing guidelines of eight to 14 months. The defendant, through counsel, moved for a downward variation. The Court granted the motion. At the conclusion of the sentencing hearing, the Court sentenced the defendant to confinement for a period of one day with supervised release for a period of three years and with an order of restitution. As a condition of the supervised release, the Court required that the defendant serve home detention for a period of three months with work release privileges.

### II. The Analysis Required by 18 U.S.C. § 3553(a)

The Court sets forth its analysis of the sentencing factors required by *Booker* and the statutory guidance provided by 18 U.S.C. §3553(a) as follows:

**(a) Factors to be considered in imposing a sentence.**

(1:06 CR 341)

The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider -

### (1) The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant

> On or about October 1, 2003, through on or about December 15, 2005, the defendant, DEBI D. CRAWFORD, an employee of First Merit Bank knowingly and with the intent to defraud said bank, did embezzle, abstract, purloin, and willfully misapply $45,000 in monies and funds belonging to the bank, which had come under her care and control by virtue of her position as an employee; to wit: the defendant, DEBI D. CRAWFORD, took cash from her teller drawer in varying amounts, totaling $45,000.

Mrs. Crawford is a 32 mother with no prior juvenile or adult convictions. She presents as an individual who made a poor decision in life. She has three young children that she is currently supporting on her own. She was in a physically and mentally abusive marriage for a significant period of time. There is a current protection order against her husband and the defendant is intending to file for divorce. Ms. Crawford lost her employment with United Consumer Services in early November; however, she obtained a new job with a clothing store called New York & Company located at the Great Northern Mall. Illegal drug use does not appear to be an issue with this defendant.

The defendant's acceptance of responsibility is set forth in paragraphs seven and eight of the presentence report as follows:

> On October 10, 2006, the defendant was interviewed at the Federal Probation office in the presence of her attorney and provided a written statement. Her statement is summarized below:

(1:06 CR 341)

> "I, Debi Crawford, took money from my teller drawer over a period from fall of 2003 through fall of 2005.  During that period, I would cover myself by showing the money amount total when balancing, although the money was not there.  Over the 9 years working for the bank I had never done such a thing before.  My husband was in and out of work and  and bills got behind.  I did this to make sure the bills got paid and remained current.  When taking the money, I had every intention on repaying it with my next paycheck.  I am not trying to justify what I did because I know it was wrong. Everyday and every moment I regret what I've done.  I regret putting my children through this.  I want to move on and make things right with this and be able to provide for my children within my limits.  I want to see them grow and be in their lives everyday."

### (2) The Need for the Sentence Imposed

#### (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

Embezzlement by bank tellers is a crime that is frequent and a serious crime, and in some circumstances, difficult to detect.  A sentence, against the background of the surrounding circumstances. needs to  reflect the seriousness of the offense and promote respect for the law and provide just punishment.  In this case, the defendant felt trapped in an abusive marital relationship with difficulties, not only for herself, but also her children.  It is the Court's finding that a sentence of one day in custody followed by house arrest for a period of three months as a condition of the supervised release for a period of three years along with an order of restitution will constitute just punishment.

#### (B)  to afford adequate deterrence to criminal conduct;

The Court finds that the sentence, as above described and under the unfortunate circumstances in this case, will afford adequate deterrence to criminal conduct.

(1:06 CR 341)

**(C)  to protect the public from further crimes of the defendant;**

The Court finds that the conduct in this case will not repeat as to this defendant and the sentence of one day in custody coupled with house arrest for three months plus the order of restitution will protect the public from further crimes of the defendant.

**(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;**

The Court finds from the pre-sentence report that the defendant is not in need of educational or vocational training, medical care or other correctional treatment.

### III.  Conclusion

For the reasons set forth herein, a sentence of one day in custody with supervised release for three years and with home detention for a period of three months with work release privileges along with the order of restitution, is a sentence sufficient, but not greater than necessary to comply with the purposes of 18 U.S.C. § 3553(a)(2).

IT IS SO ORDERED.

| | |
|---|---|
| December 7, 2006 | /s/ David D. Dowd, Jr. |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |